***********
The pleadings and evidence present one:
 ISSUE
Whether the Compromise Settlement Agreement reached by the parties on November 2, 2006 and approved by the Industrial Commission on May 22, 2007 by Order of Special Deputy Commissioner Meredith R. Henderson should be set aside.
 ***********
All of the competent evidence of record engenders the following:
 FINDINGS OF FACT
1. The evidence unequivocally establishes that the Plaintiff and Defendants executed a Compromise Settlement Agreement on November 2, 2006. Plaintiff was represented by Attorney Fred Stann at the time the agreement was negotiated and executed. The Industrial Commission approved the Agreement on May 22, 2007 by Order of Special Deputy *Page 2 
Commissioner Meredith R. Henderson. Defendants paid all sums due and owing to the Plaintiff in accordance with the terms of the Agreement.
2. Subsequent to the approval of the Agreement by the Industrial Commission, the Plaintiff filed a prior Form 33, Request that Claim Be Assigned for Hearing, seeking an award of additional benefits. A hearing was scheduled before Deputy Commissioner Holmes on January 12, 2009; however, the Plaintiff failed to appear at said hearing. Plaintiff's claim for additional benefits was dismissed without prejudice by the Deputy Commissioner by an Opinion and Award filed January 22, 2009.
3. Plaintiff filed a new Form 33 which is the subject of the present claim. The matter was heard before Deputy Commissioner Holmes on June 16, 2009.
4. Defendants filed a Motion to Dismiss the claim for additional benefits on the grounds that a Compromise Settlement Agreement had been signed by the parties, approved by Order of the Industrial Commission, and paid according to the terms of the Order.
5. Plaintiff contends that since the entering of the Agreement she appeared before a Social Security Administrative Judge and has been awarded Social Security disability benefits. Plaintiff argues that since she received Social Security disability benefits, she is entitled to receive additional workers' compensation benefits. Additionally, she asserts that she was permanently disabled as a result of her injury by accident and she needs a "fair trial." Taking Plaintiff's contentions collectively, she is advancing a theory for additional benefits predicated on an alleged inadequacy of consideration paid pursuant to the Agreement given her disabling conditions as subsequently found by the Social Security Administration. *Page 3 
6. Having carefully reviewed the record proceedings before the Deputy Commissioner, there is no evidence or showing of error in the Agreement approved by the Industrial Commission due to fraud, misrepresentation, undue influence or mutual mistake.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. The Plaintiff entered into a Compromise Settlement Agreement in this claim on November 2, 2006 and the Agreement was approved by the North Carolina Industrial Commission pursuant to an Order entered by Special Deputy Commissioner Meredith R. Henderson on May 22, 2007. The Defendants made payment to the Plaintiff and her counsel of record at the time as required. The Agreement may only be set aside upon a showing by the greater weight of the evidence that the Agreement was procured by fraud, misrepresentation, undue influence or mutual mistake. N.C. Gen. Stat. § 97-17(a).
2. The Motion To Dismiss filed by the Defendants should be granted as the record discloses no evidence of error due to fraud, misrepresentation, undue influence or mutual mistake regarding the entering of said Compromise Settlement Agreement. N.C. Gen. Stat. § 97-17(a).
3. Having considered all of the circumstances leading to thepro se Plaintiff's claim for additional benefits, and in the exercise of discretion, Defendants' claim for payment of their attorney fees should be denied. N.C. Gen. Stat. § 97-88.1.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 AWARD *Page 4 
1. Defendants' Motion to Dismiss Plaintiffs claim is GRANTED and Plaintiff's claim for further benefits is DISMISSED WITH PREJUDICE.
2. The parties shall bear their own costs in this action.
This the 25th day of January, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1